UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STANLEY ARON CAVIENSS,

                     Plaintiff,

          -against-

JUSTICE SAMUEL ALITO; JUSTICE CLARENCE
THOMAS; JUSTICE KETANJI BROWN JACKSON;
JUSTICE NEIL GORSUCH; JUSTICE BRETT
KAVANAUGH; JUSTICE AMY CONEY BARRETT;
CHIEF JUSTICE JOHN G. ROBERTS, JR., SETH P.
WAXMAN, Lead Counsel for Harvard University;
RYAN Y. PARK, Solicitor General of North Carolina;
EDWARD BLUM,

                     Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-04403 (OEM) (MMH)

ORELIA E. MERCHANT, United States District Judge:

*Pro se* plaintiff Stanley Aron Cavienss ("Plaintiff") filed this action against sitting United States Supreme Court Justices, Seth P Waxman, an attorney for Harvard University, Ryan Y. Park, the Solicitor General of North Carolina, and Edward Blum, from Students for Fair Admissions. Dkt. 1 ("Complaint"). Before the Court is Plaintiff's Complaint, Dkt. 1, Motion to proceed *in forma pauperis* ("IFP Motion"), Dkt. 2, and Motion to Appoint Counsel and Brief in Support of IFP Motion, Dkt. 4.

Plaintiff's IFP Motion is granted for the limited purpose of dismissing the Complaint. For the reasons stated below, the Complaint is dismissed. Plaintiff's Motion for Appointment of Counsel, Dkt. 4, is denied as moot.

1

**BACKGROUND**

Plaintiff's Complaint is far from clear. He apparently seeks to file a class action lawsuit regarding constitutional violations related to the implementation, interpretation, and execution of affirmative action policies. Complaint at 1. Plaintiff seemingly disputes the Supreme Court's decision in *Students for Fair Admissions v. Harvard,* 600 U.S. 181 (2023) and the revocation of Executive Order 11246 by Executive Order 14173, *Id.* at 7; 9. Plaintiff claims that underlying executive orders cannot be lawfully repealed, that all disputes related to these orders must be referred to a military court, and that litigants and their attorneys who have filed cases in "civilian court" have acted without standing and are violating federal law. *Id.* at 4. Plaintiff requests declaratory and injunctive relief, including immediate federal review of Executive Order 14173, reinstatement of Executive Order 11246, oversight into the misuse of disability and race disclosures, investigation into corporate and union collusion, and public acknowledgment of the harm caused by the loss of civil rights protections. *Id.* at 12.

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of the City School Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Even though all allegations contained in the complaint are accepted as true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court is mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff seeks to represent a class of similarly situated individuals, *see* Complaint at p. 2. While "parties may plead and conduct their own cases personally or by counsel" under 28 U.S.C. § 1654, the Second Circuit has established that a *pro se* plaintiff may not bring claims on behalf of a proposed class of similarly situated people. *See Kimber v. Tallon*, 556 Fed. App'x 27, 28 (2d Cir. 2014) ("Generally, it is inappropriate for a *pro se* litigant to represent the interests of a class."); *Reynolds v. Mercy Inv. Services, Inc.*, No. 24-CV-02636, 2024 WL 1740870, at *5 (E.D.N.Y. Apr.

23, 2024); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). For this reason, the Court dismisses Plaintiff's class claims and construes the Complaint to assert only individual claims.

"An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Plaintiff's generalized objection to policies regarding affirmative action, the assertion that the Supreme Court lacks authority to hear such matters, and that jurisdiction properly lies with a military court, are frivolous. Even under the most liberal construction of the Complaint, the Court does not find that Plaintiff has alleged a cause of action.[1]  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## WARNING

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and

---

[1] Additionally, judges are immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is not limited to immunity from damages; it also extends to claims for declaratory and injunctive relief. *Celli v. Bondi*, No. 24 CIV. 7442, 2025 WL 903136, at *10 (S.D.N.Y. Mar. 24, 2025); *Fontil v. Abrams*, No. 23 Civ. 4875, 2023 WL 3996664, at *2 (S.D.N.Y. June 14, 2023).

their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted).

A review of the Public Access to Court Electronic Records ("PACER") shows that Plaintiff has filed fifteen civil actions in federal courts, including an action against Justices of the United States Supreme Court, filed in the Northern District of Georgia, which is presently pending. *See Cavienss v. Alito et al.*, 25-CV-03282 (JPB) (N.D.Ga.). Plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)); *Gu v. Sher*, 24-CV-6157, 2024 WL 4252034, at *5 (E.D.N.Y. Sept. 20, 2024), *appeal dismissed*, 24-CV-2799, 2025 WL 1161964 (2d Cir. Apr. 2, 2025).

## CONCLUSION

For the foregoing reasons, Plaintiff's action is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because it would be futile to permit Plaintiff to file an amended complaint, leave to amend the complaint is denied. *See McCracken v. Verisma Systems, Inc.,* 91 F.4th 600, 609 (2d Cir. 2024). Additionally, Plaintiff's request for appointment of counsel is denied as moot.

The Clerk of Court is respectfully directed to enter judgment dismissing the action, mail a copy of the judgment and this Memorandum and Order to the *pro se* plaintiff, note the mailing on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/

ORELIA E. MERCHANT

United States District Judge

October 9, 2025
Brooklyn, New York